UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA V. A., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 5:18-cv-00195-KES <br><br> MEMORANDUM OPINION AND ORDER |

# I.

# BACKGROUND

In June 2013, Ms. Hilda V. A. ("Plaintiff") filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability commencing May 20, 2013. Administrative Record ("AR") 249-55.

On July 19, 2016, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified,

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

as did a vocational expert ("VE").  AR 31-45.

On September 10, 2016, the ALJ issued a decision denying Plaintiff's applications.  AR 17-30.  The ALJ found that Plaintiff suffered from the medically determinable severe impairment of "cervical degenerative disc disease, right shoulder osteochondromatosis with numerous loose bodies (status-post surgery) and lumbar radiculopathy."  AR 19.

Despite these impairments, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform work a range of sedentary work including limitations on lifting, walking, postural activities, reaching, and fingering.[2]  AR 20.  Based on the RFC and the VE's testimony, the ALJ determined that Plaintiff could perform her relevant work as an accounting clerk, Dictionary of Occupational Titles ("DOT") 216.482-010.[3]  AR 23.  The ALJ concluded that Plaintiff was not disabled.  Id.

## II.
## STANDARD OF REVIEW

A district court may review the Commissioner's decision to deny benefits.  The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole.  42

---

[2] The ALJ found that Plaintiff could lift/carry up to 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for 6 hours; sit for 6 hours; perform "frequent" postural activities; perform frequent reaching, handling, and fingering with the right side; and perform "no overhead reaching" with her right arm.  AR 20, citing 20 C.F.R. §§ 404.1567(a) and 416.967(a) (defining sedentary work).

[3] Defendant suggests that the ALJ alternatively found that Plaintiff could perform her past relevant work as a group home worker.  (JS at 13.)  The ALJ found the Plaintiff's past relevant work included the job of group home worker, but he did not find that Plaintiff could perform that job.  AR 23.  The VE testified that a person who could only occasionally lift/carry 10 pounds and frequently lift/carry less than 10 pounds could not work as a group home worker.  AR 43.

U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Comm'r of SSA, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

### III.
### ISSUES PRESENTED

Issue One: Whether the ALJ erred at step 4 of the sequential evaluation process by failing to acknowledge evidence submitted from Plaintiff's vocational expert.

Issue Two: Whether the ALJ erred in evaluating the medical opinion evidence.

Issue Three: Whether the ALJ erred by failing to make a finding as to whether Plaintiff's use of a cane was medically necessary.

Issue Four: Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony by failing to acknowledge her strong work history.

(Dkt. 16, Joint Stipulation ["JS"] at 10-11.)

## IV.

## DISCUSSION

A. **ISSUE ONE: Evidence from Plaintiff's VE.**

   **1. Summary of Relevant Administrative Proceedings.**

The ALJ found that Plaintiff had no limitations affecting her left arm. AR 20. Regarding her dominant right arm, however, the ALJ found that Plaintiff could perform no overhead reaching and could perform only frequent reaching in all other directions along with frequent right-side handling and fingering. Id. In the context of social security disability benefits, "frequent" means up to two thirds of the time. Social Security Ruling ("SSR") 83-10.

At the hearing, the VE testified that a person with reaching, handling, and fingering limitations consistent with Plaintiff's RFC could work as an accounting clerk as that work is described in DOT 216.482-010, but not as Plaintiff actually performed it. AR 43-44. The VE also confirmed that his testimony was consistent with the DOT. AR 44.

Per the DOT, the duties of an accounting clerk are as follows:

> Performs any combination of following calculating, posting, and verifying duties to obtain financial data for use in maintaining accounting records: Compiles and sorts documents, such as invoices and checks, substantiating business transactions. Verifies and posts details of business transactions, such as funds received and disbursed, and totals accounts, using calculator or computer. Computes and records charges, refunds, cost of lost or damaged goods, freight charges, rentals, and similar items. May type vouchers, invoices, checks, account statements, reports, and other records, using typewriter or computer. May reconcile bank statements.

DOT 216.482-010. Per the DOT, working as an accounting clerk requires

"frequent" reaching, handling, and fingering. Id.

On January 26, 2016, Heather Fahey, MSW, Employment Specialist, authored a report opining that Plaintiff could not perform her past relevant work as an accounting clerk given the limited use of her right hand for handling, fingering and reaching. AR 368-69. Ms. Fahey opined that, based upon her experience and research, an accounting clerk would be spending 90% of her day on the computer for data entry, requiring more than frequent fingering and handling. AR 368.

In his decision, the ALJ cited the VE's testimony as supporting a finding that Plaintiff could do her past relevant work. AR 23. The ALJ did not mention or discuss Ms. Fahey's report.

### 2. Analysis of Claimed Errors.

Plaintiff argues that the ALJ erred by failing to give any reasons for rejecting Ms. Fahey's opinion and accepting the VE's contrary opinion. (JS at 12.) Plaintiff cites SSR 00-4p, which generally requires ALJs to ask VEs about any apparent conflicts between the VE's testimony and the DOT and explain in the written opinion how the conflict was resolved. "The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony …." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).

      a. Defendant's Arguments.

Defendant argues that any errors infecting the ALJ's determination that Plaintiff could work as an accounting clerk are harmless, because the ALJ also found that Plaintiff could perform her past relevant work as a group home worker. (JS at 14.) As discussed above in footnote 3, that argument misstates the record.

Defendant also argues that the ALJ had no obligation to consider Ms. Fahey's opinion (or, alternatively, that failing to consider it was harmless error), because the report (1) is conclusory and (2) failed to compare Plaintiff's RFC with work as an accounting clerk. (JS at 14.)

First, the Court disagrees that Ms. Fahey's report is conclusory. Ms. Fahey

explains how her opinions are based on knowledge derived from her personal experience. Ms. Fahey attached her resume describing her years of experience as an employment services specialist, job coach, and recruiter. AR 370. She explained that through her work, she had placed "more than a few accounting specialists per year." AR 368. From her own work experience, she learned that companies seeking to hire accounting clerks "are looking for individuals with strong data entry skills as the individual will be spending 90% of the day on the computer inputting data and creating forms." Id. The position also "requires reaching for documents and files." Id. Based on this understanding of the job's requirements, Ms. Fahey concluded that Plaintiff's limited ability to use her dominant right hand for reaching, handling, and fingering would preclude her from working as an accounting clerk. Id.

But even if the Court agreed that the report was conclusory (or unreliable for any other reason), that would not address the question of whether the ALJ was required to give *his* reason for discounting it in his written opinion. Plaintiff argues that the ALJ was obligated to explain how he resolved conflicts in the vocational evidence of record before denying benefits.

Second, the Court cannot fault Ms. Fahey for failing to compare the requirements of working as an accounting clerk with Plaintiff's RFC when she authored her opinion months before the ALJ determined Plaintiff's RFC. Ms. Fahey's report clearly identifies Plaintiff's "limited right hand dominant handling, fingering and reaching" as the physical limitations that conflict with the demands of working as an accounting clerk, per Ms. Fahey's experience. In so doing, Ms. Fahey was properly offering her opinion as a VE. See Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982) (essential role of a vocational expert is to "translate[] factual scenarios into realistic job market probabilities").

Plaintiff argues that Defendant's briefing is so non-responsive to Issue One that any opposition is waived. (JS at 18, citing Stichting Pensioenfonds ABP v.

Countrywide Fin. Corp., 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("Failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").) The Court does not reach the issue of waiver because it finds below that Plaintiff demonstrated legal error requiring remand.

b. The ALJ's Duty to Resolve Conflicting Vocational Evidence.

While social security regulations recognize the DOT as authoritative, they also recognize DOT classifications as rebuttable. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (citing 20 C.F.R. §§ 404.1566(d)(2)-(5), (e)) (holding ALJ properly relied on expert testimony to find that claimant limited to sedentary work could perform two types of jobs identified by expert, regardless of their DOT classification as light).

SSR 00-4p generally discusses how ALJs should identify and resolve conflicts between VE testimony and the DOT. Importantly, it provides that "Neither the DOT nor the VE … evidence automatically 'trumps' when there is a conflict." Rather, the ALJ "must resolve the conflict by determining if the explanation given by the VE … is reasonable and provides a basis for relying on the VE … testimony rather than on the DOT information." Id. The ALJ is instructed to handle such conflicts, as follows:

> When vocational evidence provided by a VE … is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE … evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p.

Here, the conflict is between Ms. Fahey's report, on the one hand, and the testimony of Ms. Hetrick (the VE who testified at the hearing) and the DOT, on the other hand. Ms. Fahey opined that an accounting clerk must spend 90% of the workday typing on a computer, such that the position requires more than "frequent" handling and fingering. AR 368. In contrast, the DOT classifies the job as requiring only "frequent" handling and fingering, which Ms. Hetrick correctly testified was consistent with the abilities of a hypothetical person with Plaintiff's RFC.[4] AR 43-44.

Thus, the true issue presented is when the ALJ receives opinions from two VEs – one consistent with the DOT and one not – does the ALJ need to explain why he/she rejected the opinion inconsistent with the DOT and relied on the opinion consistent with the DOT?

In Boomhower v. Berryhill, 2017 U.S. Dist. LEXIS 216794, at *25 (D. Or. Oct. 25, 2017), the district court considered a situation where (1) two VEs had given conflicting testimony about the existence of alternative work the claimant could do, (2) a third VE, Bloom, responded to an interrogatory identifying the job of "nut sorter" as alternative work as asserting that 10,000 such positions existed nationally, although she admitted that number was from a publication that did not

---

[4] Neither party raises the question of whether the VE's testimony was consistent with the DOT where the DOT says that work as an accounting clerk requires "frequent" reaching and Plaintiff is precluded from all overhead reaching with her right arm. In Gutierrez v. Colvin, 844 F.3d 804, 807 (9th Cir. 2016), the Ninth Circuit found no "obvious or apparent" conflict that triggered the ALJ's duty to inquire further where the VE opined that a claimant precluded from overhead reaching with her right arm could work as a cashier, where the DOT description required frequent reaching but did not specify in what direction. The Ninth Circuit reasoned that it was "unlikely and unforeseeable" that a cashier would need to reach overhead, and even more rare for one to need to reach overhead with both arms. Id. at 808-09 and 809 n.2. Following Gutierrez, there is no apparent conflict between the VE's testimony and the DOT's reaching requirements.

distinguish between fulltime and seasonal work, (3) the ALJ relied on Bloom's opinion as "uncontradicted," and (4) the claimant submitted to the Appeals Council new evidence from her own VE rebutting the existence of a sufficient number of fulltime nut sorter jobs. Under those circumstances, the district court remanded the case so that the ALJ could consider the new evidence and determine which of the two conflicting expert opinions deserved controlling weight. Id. at *29.

Similarly, in Skinner v. Berryhill, No. CV 17-3795-PLA, 2018 U.S. Dist. LEXIS 56136, at *20-21 (C.D. Cal. Apr. 2, 2018), the district court remanded the case because "common sense (bolstered here by the information presented in the Study [by the SSA of obsolete jobs] and on the SSA website itself), casts doubt on the reliability and credibility of the VE's testimony and on the ALJ's reliance on that testimony to conclude that the occupation of 'addresser' currently exists in significant numbers."

Here, Ms. Fahey opinion casts doubt on the DOT's and Ms. Hetrick's assertion that an accounting clerk need only spend up to 66% of the workday typing. Following the above-cited authorities that the DOT does not automatically "trump" other evidence, the ALJ needed to explain how he resolved the conflicting vocational expert testimony. It is unclear when the DOT's description of an accounting clerk's duties was written, but the Court notes that it refers to using a typewriter.[5] If the ALJ were to conclude that Ms. Fahey's opinion (i.e., that working as an accounting clerk today requires spending 90% of the workday keyboarding) is more reliable than Ms. Hetrick's (which relied on the DOT), then such a conclusion would affect the ALJ's ultimate step 4 finding. On the current

---

[5] The DOT was last updated in 1991. "It is impossible not to know that the occupational landscape in the United States has been dramatically and permanently transformed since [1991] by the proliferation of automation, computers, and the internet." Johnson v. Berryhill, 2017 U.S. Dist. LEXIS 167633, 2017 WL 4542228, at *2 (W.D. Ky. Oct. 11, 2017) (footnotes omitted).

record, the Court cannot assess whether the ALJ ignored Ms. Fahey's opinion, deemed Ms. Fahey unqualified to offer an opinion, dismissed Ms. Fahey's opinion solely for being inconsistent with the DOT, or decided that Ms. Hetrick's opinions deserved more weight than Ms. Fahey's for some other reason.

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Here, remand for further proceedings is appropriate for the ALJ to address Ms. Fahey's opinion. Because the Court finds that the ALJ's failure to do so warrants remand, the Court does not reach Plaintiff's other claim of error. Upon remand, the ALJ may wish to consider them.

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered REVERSING and REMANDING the decision of the Commissioner for further proceedings consistent with this opinion.

DATED: October 22, 2018

_Karen E. Scott_
KAREN E. SCOTT
United States Magistrate Judge